IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN M. GILBERT,<br>          PLAINTIFF,<br><br>Vs.<br><br>CODILIS & ASSOCIATES, P.C.,<br>          DEFENDANT. | No. 1:20-cv-00632<br><br>Hon. Harry D. Leinenweber |

**MOTION TO DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**
_____

Defendant Codilis & Associates, P.C., by and through its undersigned attorney, for its Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) states as follows:

**I.     INTRODUCTION AND BACKGROUND**

On July 15, 2014, Steven M. Gilbert ("Gilbert" or "Plaintiff") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code. In re Steven M. Gilbert, 1:14-bk-26046, Dkt. No. 1. Ultimately in that case, an amended bankruptcy repayment plan was confirmed. On October 28, 2019, Defendant Codilis & Associates, P.C. ("Codilis") filed a motion on behalf of Wells Fargo Bank, N.A. (a secured creditor by virtue of a mortgage which encumbered real property owned by Gilbert) for relief from the automatic bankruptcy stay the "Motion") due to a default in repayment under the confirmed amended plan. Id., Dkt. No. 128. The basis for the Motion was that escrow payments (for taxes and hazard insurance) were not paid as required by the confirmed amended plan. Id., ¶¶ 8-9. In preparing the Motion, Codilis inadvertently included some prepetition amounts tabulated in the motion as escrow advances made. Id. Codilis later informed

1

Gilbert's bankruptcy counsel of the error and after that Gilbert entered into an agreed order with Wells Fargo resolving the default alleged in the Motion through a repayment plan to pay outstanding postpetition escrow advances under the confirmed amended plan Id., Dkt. No. 140; [Dkt. 21, ¶25] . The agreed order is attached hereto as <u>Exhibit A</u>.

Gilbert then brought the instant action under the Fair Debt Collection Practices Act against Codilis [Dkt 1], and later filed a First Amended Complaint ("FAC") with this Court's leave. [Dkt. 21]. However, for the reasons stated below, the FAC ought to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff fails to allege a plausible claim against Codilis upon which relief could be granted.

## II.     APPLICABLE LAW

A pleading in federal court must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint should be organized, clear, and is subject to dismissal for being unclear, lengthy, or unintelligible. Lindsell v. McCallum, 352 F.2d 1107, 1110 (7th Cir. 2003). And a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise the right to relief beyond the speculative level . . . on the assumption that all of the complaint's allegations are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009).  Plaintiff's claim must be "plausible" which does not rise to the level of "probable" but requires "more than a sheer possibility" that the defendant is liable.  Id.  A cause of action must be supported by factual allegations; mere conclusory statements or "naked assertions" do not suffice.

Id. at 679. The court must review the allegations to determine whether the complaint states a "plausible" claim for relief. Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011).

When considering a motion under Rule 12(b)(6), a court can consider the complaint's allegations as well as documents attached to and referenced in the complaint as well as information subject to "proper judicial notice." Cohen v. American Sec. Ins. Co., 735 F.3d 601, 604 n.2 (7th Cir. 2013) (citation and internal quotation marks omitted).

The Fair Debt Collection Practices Act (15 U.S.C § 1692 et seq.) (the "Act" or "FDCPA") provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (2) the false representation of—
> > (A) the character, amount, or legal status of any debt….
>
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C § 1692e. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts … owed or due or asserted to be owed or due another." 15 U.S.C § 1692a(6).

### III. ARGUMENT

Plaintiff's cause boils down to a single allegation—that Codilis violated the Act by "stating an incorrect amount owed" in the Motion. FAC, ¶¶ 36-37. The alleged actionable conduct is that the Motion stated a postpetition escrow balance due of $29,308.49, but that Plaintiff "only owed $26,553.49." Id., ¶ 37. Plaintiff's first amended complaint fails to state a claim upon which relief can be granted for several reasons as explained more fully, below.

  a. **Plaintiff has failed to state a claim for violation of the Act.**

In the FAC, Plaintiff alleges that the Motion states "an incorrect amount owed." FAC, ¶¶ 36-37. But even assuming that the amount stated in the Motion was incorrect, Plaintiff has failed to state a claim upon which relief must be granted because the motion for relief from the bankruptcy stay is not subject to the Act.

11 U.S.C. § 362(a)(4) provides that upon filing of a bankruptcy petition enforcement of any lien against property is automatically stayed. However, a party may be able to obtain relief from such an automatic stay. 11 U.S.C. § 362(d) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section … (1) for cause, including the lack of adequate protection of an interest in property…." In other words, a creditor can obtain relief from an automatic bankruptcy stay of enforcement of a stay if it can security interest demonstrate cause to lift the stay. Further, a motion for relief from the automatic bankruptcy stay—by definition—acknowledges the fact that a party in interest is otherwise stayed from enforcement of a security interest. 11 U.S.C. § 362(d). The Motion is a request to the bankruptcy court to lift that stay—and is subject to notice and a hearing. Id.

Here, Plaintiff nakedly concludes that "[the Motion] attempted to collect monies owed by Plaintiff on the Loan" and that the motion "falsely represent[ed]" what Plaintiff owed. FAC, ¶¶ 23, 37. But these conclusory allegations ignore that logic and the text of 11 U.S.C. § 362(d). A motion seeking relief from a bankruptcy stay only attempts to establish a basis for judicial relief from an automatic bankruptcy stay. 11 U.S.C. § 362(d). The motion is not a request for payment from the debtor, but instead is a request to the bankruptcy court to take action relative to the automatic bankruptcy stay.

In *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011), the Court found that even if a pleading in a state-court collection case was "misleading" to the judge, such conduct is not actionable under the Act. "[T]o be actionable[,] a misleading statement must have the ability to influence a *consumer's* decision."

Kennelly agreed with the opinion rendered in Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., No. 98 C 4280, 1999 U.S. Dist. LEXIS 6933, 1999 WL 284788 (N.D. Ill. Apr. 19, 1999) where the court held that the "FDCPA does not apply to claims arising out of the bankruptcy itself…" with respect to an allegedly inflated proof of claim filed in a chapter 13 bankruptcy proceeding.

The position taken in Gray-Mapp and Baldwin is consistent with our Supreme Court's recent holding in Midland Funding, LLC v. Johnson, 137 S. Ct. 1407 (2017). In Midland Funding, the Court upheld a ruling that a proof of claim filed in a bankruptcy which asserted a time-barred debt did not violate the FDCPA. Id. at 1415-16. The Court's holding was based in part upon the inherent "delicate balance" in the Bankruptcy Code. Id. at 1414-15. The Court found in neither "the Fair Debt Collection Practices Act [n]or the Bankruptcy Code good reason to believe that Congress intended an ordinary civil court applying the [FDCPA] to determine answers to these bankruptcy-related questions. Id. at 1414. The Court noted that, "The Act and the Code have different purposes and structural features. The [FDCPA] seeks to help consumers, not necessarily by closing [loopholes] in the Bankruptcy Code, but by preventing consumer bankruptcies in the first place." Id. "The Bankruptcy Code, by way of contrast, creates and maintained what we have called the 'delicate balance of a debtor's protections and obligations." Id. at 1415 (citation and internal quotation marks omitted).

And even if the alleged misstatement was otherwise actionable under the FDCPA, it is immaterial. "[A] statement cannot mislead unless it is material." Boucher v. Fin. Sys. Of Green Bay, 880 F.3d 362, 366 (7th Cir. 2018) (quoting Hahn, 557 F.3d at 758) (internal quotation marks omitted). "[T]he purpose of the Fair Debt Collection Practices Act is to protect consumers, and they don't need protection against false statements that are immaterial in the sense that they would not

6

influence a consumer's decision." Boucher, 880 F.3d at 366 (quoting Muha v. Encore Receivable Mgmt., Inc., 558 F.3d 623, 628 (7th Cir. 2009) (internal quotation marks omitted. The Motion was based upon Plaintiff's admitted default on the confirmed bankruptcy plan. Motion, generally. Indeed, the material allegations of the motion—the allegations which give rise to the request to lift stay—are that the debtor failed to make the payments as required by the confirmed plan. Motion, ¶ 9. Plaintiff does not dispute this and, in fact, admits both that fact and the fact that $26,553.49 was owed at that time. FAC, ¶ 24. That the error is immaterial is evident by the facts that 1) Plaintiff admits it was Codilis that initially informed Plaintiff's bankruptcy counsel of the error (FAC, ¶ 25); and 2) Plaintiff consented to an order requiring installment payments of the $26,553.49 and consenting to termination of the stay upon mere notice if the payments are not timely made. Exhibit A.[1] Beyond this, Plaintiff has not alleged any facts which, even if proven, demonstrate that the amounts stated in Codilis' motion were materially false. Plaintiff alleges no facts which show that the amount stated in the motion influenced Plaintiff to make any decision at all and, in fact, confirms this by admitting Plaintiff "did not act upon the misinformation." FAC, ¶ 30. Plaintiff further makes clear that it was Codilis who informed Plaintiff's bankruptcy counsel of the correct amount due to repay the defaulted amounts under the terms of the agreement. FAC, ¶ 25.

      **b.**      **Plaintiff has failed to demonstrate standing.**

Along that vein, Plaintiff has also failed to plead any facts which demonstrate a plausible injury, and consequently has not established standing with respect to this matter. See Spokeo, Inc. v Robins, 136 S. Ct. 1540, 1547-48 (2016). In order to demonstrate standing, "a plaintiff must show she that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. (citing Lujan v.

---

[1] Codilis requests this Court take judicial notice of the agreed order entered in Plaintiff's chapter 13 proceeding. See Adkins v. VIM Recycling, Inc., 644 F.3d 483, 494 (7th Cir. 2011).

Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Here, Plaintiff has pleaded injury in only speculative and conclusory terms—that "[r]eceiving the Motion caused Plaintiff to believe that he owed more than he actually owed—resulting in confusion, distrust and mental anguish." FAC, ¶ 32. But this bare statement is far too vague to state a plausible claim of injury. Further, the conclusory allegation of injury does not, even if proven, demonstrate the "confusion, distrust and mental anguish" was due to the difference in the stated amount in the motion—$29,308.49—and the amount admitted by Plaintiff—$26,553.49. Plaintiff alleges no facts which, if proven, demonstrate that Plaintiff knew of the difference prior to Codilis informing Plaintiff's bankruptcy counsel. Tellingly, Plaintiff admits he "did not act upon the misinformation." FAC, ¶ 30.

The requirement that Plaintiff plead a sufficient injury in fact "is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Spokeo, Inc., 136 S. Ct at 1547-48 (internal quotation marks and citations omitted). Standing requires that Plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. at 1547 (citations omitted).

Here, Plaintiff's FAC does not demonstrate satisfaction of these three elements. The allegation that Plaintiff experienced "confusion, distrust and mental anguish" amounts to no more than speculation or an after-the-fact attempt to satisfy the standing requirement in the pleading. This is especially so given the absence of any factual allegation that Codilis ever tried to actually collect any amount from Plaintiff not otherwise due. Again, the Motion does not seek payment from Plaintiff—but only informs the bankruptcy court of Plaintiff's default on the confirmed bankruptcy plan. FAC, ¶ 18 (wherein the motion alleges that "…Debtor has failed to make escrow

8

payments to Movant as required by the confirmed plan…."). And Plaintiff all but pleads himself out of court when he admits that he took no action upon receipt of the alleged misinformation (FAC, ¶ 30) and that Codilis itself informed Plaintiff's bankruptcy attorney of the correct amount owed to cure the default on the confirmed plan (FAC, ¶ 25).

And the allegation that Plaintiff later retained counsel to bring suit on his behalf to "vindicate his rights" (FAC, ¶ 33) is not an allegation of injury, but instead only states what steps Defendant has taken to seek redress for his alleged grievance. Logic dictates that retaining counsel to seek redress cannot, itself, be the "injury" contemplated in an Article III standing analysis because it would take the concept of injury out of being "fairly traceable" to a defendant's conduct and allow it to be unilaterally created at will by a plaintiff. Bootstrapping in this fashion would ultimately result in evisceration of the "injury" requirement altogether, which is not permitted under Article III. Spokeo, Inc., 136 S. Ct. at 1547-48.

### c. Plaintiff's claim is precluded under the doctrine of collateral estoppel (issue preclusion).

Entry of the agreed order in Plaintiff's bankruptcy proceeding also makes clear that Plaintiff's claim is precluded pursuant to the doctrine of collateral estoppel. This doctrine "applies to prevent relitigation of issues resolved in an earlier suit." Adams v. City of Indianapolis, 742 F.3d 720, 736 (7th Cir. 2014). "Under the doctrine of issue preclusion, an issue may not be litigated if the following conditions are met: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually relitigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action." Adair v. Sherman, 230 F.3d 890, 593 (7th Cir. 2000). All these elements have been met in this case.

Here, Plaintiff impermissibly attempts to relitigate the substance of the Motion prepared by Codilis and which was filed in Plaintiff's bankruptcy matter when he already agreed to resolution of the issue in his bankruptcy. On January 21, 2020, Plaintiff—through his counsel—consented to a repayment plan to bring the confirmed bankruptcy plan current. Exhibit A. Plaintiff now attempts to demonstrate that the Motion contained a false statement because it reflected the amount of escrow advances as $29,308.49 instead of the agreed upon amount of $26,553.49. FAC, ¶¶ 18-25. But Plaintiff is estopped from doing so as the issue is already resolved in the bankruptcy proceeding by virtue of Plaintiff having reached agreement with the creditor. In Adair, a similar circumstance was considered, where a proof of claim in a bankruptcy was challenged as having violated the FDCPA. Adair, 230 F.3d at 893. The Adair court held that:

> In sum, as Mr. Adair has framed his FDCPA claim, he contests the amount of the underlying debt, not the method employed by the defendants in its collection. The amount of the debt was determined definitively, however, in the earlier bankruptcy proceeding when a proof of claim was submitted prior to confirmation and Mr. Adair's bankruptcy claim was later confirmed. The amount of the debt therefore cannot be relitigated in a subsequent FDCPA action by operation of the doctrine of issue preclusion.

Id. at 896. The same holds true here. All issues with respect to the Motion seeking to lift the stay have been resolved in the bankruptcy proceeding and ought not be relitigated here.

### d. Plaintiff has failed to plead facts which, if proven, show that Codilis is a debt collector subject to the Act.

Plaintiff has also failed to plead facts which, if proven, demonstrate that Codilis is a debt collector which is subject to section 1692e of the Act as a starting point. In Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029 (2019), our Supreme Court held that a law firm which merely seeks enforcement of security interests (mortgages) in nonjudicial foreclosure proceedings is not a debt collector subject to the main provisions of the Act. Id. at 1040. Here, Plaintiff in its FAC merely concludes that Codilis is a "debt collector" by paraphrasing the FDCPA itself. FAC, ¶¶ 8-9.

10

But as the Court points out in Obduskey, such a mere conclusion may not be so easy to make. The Act defines "debt" as an obligation to pay money. Id. at 1035 (citing 15 U.S.C. § 1692a). The Act goes on to define a "debt collector" but then goes on to limit that by stating, "For the purpose of section 1692f(6), [the] term [debt collector] also includes any person…in any business the principal purpose of which is the enforcement of security interests." Obduskey, 139 S. Ct. at 1036 (citing 15 U.S.C. § 1692f(6)). And although the Obduskey Court did not address whether foreclosure attorneys in judicial foreclosure states like Illinois are not subject to the main provision of the Act (Id. at 1040), Plaintiff does not allege even a single fact which, if true, shows that Codilis is a debt collector subject to the main provisions of the Act.

    e.    **The Motion is constitutionally protected free speech.**

Lastly, the FAC ought to be dismissed because it infringes on the free speech rights of Codilis to petition the court and advocate on behalf of its client. See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 559 U.S. 573, 623 (Kennedy, J., dissenting opinion). The possibility that Codilis faces separate civil litigation and a judgment for doing no more than filing a motion—which has never been found to be frivolous, harassing, or filed in bad faith in Plaintiff's bankruptcy proceeding "prohibit[s] the analysis of certain legal issues and [truncates] presentation to the courts … [which] prohibits speech and expression upon which courts must depend for the proper exercise of the judicial power." Legal Servs. Corp. v. Velazquez, 531 U.S. 533, 545 (2001). Such a scheme under the FDCPA, as Justice Kennedy once predicted, compels attorneys when advocating for their clients to "adopt a debtor-friendly interpretation of every question, lest the attorneys themselves incur a personal financial risk." Jerman, 559 U.S. at 622 (Kennedy, J., dissenting opinion). Indeed, "…the Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea v. Guarnieri,

564 U.S. 379, 387 (2011). However, if—as Plaintiff's FAC appears to suggest—the mere filing of a motion in a court of competent jurisdiction—without more—can subject a party to civil liability under the FDCPA, then the statute giving rise to such suit must impermissibly violate the Petition Clause. Velazquez, 531 U.S. at 545 ("Congress cannot wrest the law from the Constitution which is its source.").

WHEREFORE, Codilis respectfully requests Plaintiff's First Amended Complaint be dismissed with prejudice and for any further relief this Honorable Court deems equitable and just.

                                                                                Respectfully submitted,

                                                                                Codilis & Associates, P.C.

                                                                                BY: /s/ Adam A. Price
                                                                                       Codilis & Associates, P.C.
                                                                                       One of Its Attorneys

Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
pleadings@il.cslegal.com
14-20-01434