IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN M. GILBERT,

                Plaintiff,

        v.

COODILES & ASSOCIATES, P.C.,

                Defendant.

Case No. 2O C 632

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendant Codilis & Associates, P.C.'s Motion to Dismiss (Dkt. No. 22) is granted. Plaintiff Steven M. Gilbert's Complaint (Dkt. No. 1) is dismissed with prejudice.

## I.  BACKGROUND

Plaintiff Steven Gilbert took a mortgage through Wells Fargo Home Mortgage, Inc. ("Wells Fargo") in 2002. (Compl. ¶ 10, Dkt. No. 1.) In 2011, he defaulted on that mortgage, and in 2014 initiated voluntary Chapter 13 bankruptcy proceedings. (*Id.* ¶¶ 13 & 14.) In 2014, the Bankruptcy Court confirmed a Chapter 13 plan that provided Gilbert would make certain payments to Wells Fargo. (*Id.* ¶ 15.) Gilbert apparently fell behind on payments, and in 2019, Wells Fargo, through their attorneys Defendant Codilis & Associates, P.C. ("Codilis"), filed a Motion for Relief from the automatic stay (the "Motion"). (*Id.* ¶ 16.)

In the Motion, Wells Fargo, through Codilis, included a table that detailed the balance that Gilbert owed. It stated that Gilbert owed $29,308.49. (*Id.* ¶ 17.) Gilbert claims that he in fact only owed $26,553.49. (*Id.* ¶ 22.) Gilbert claims that the Motion was a communication attempting to collect Gilbert's debt and that it caused him to "believe that he owed more than he actually owed," and was a "false, deceptive and misleading" representation that "resulted in confusion, distress and distrust." (*Id.* ¶¶ 20, 21 & 23–25.) Accordingly, Gilbert brings a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Specifically, Gilbert's Complaint alleges only one Count: violation of 15 U.S.C. § 1692e.

Codilis moves to dismiss under FED. R. CIV. P. 12(b)(6). In support, Codilis argues: (1) that Gilbert fails to state a claim for violation of the Act; (2) he lacks standing; (3) his claim is precluded under the doctrine of collateral estoppel; (4) he has failed to plead facts showing Codilis is a debt collector subject to the Act; and (5) that the Motion is constitutionally protected free speech. Because the Court finds the first argument dispositive, it does not address the other four.

## II. **LEGAL STANDARD**

A 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone,* 483 F.3d 454, 457

(7th Cir. 2007). To overcome a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). When considering a 12(b)(6) motion to dismiss, the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

### III.  DISCUSSION

The FDCPA prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692. Gilbert alleges that the filing was a misrepresentation that violated Section 1692e of the FDCPA. Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt" including "[t]he false representation of . . . the character, amount, or legal status of any debt." The FDPCA also prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt." *Id*. § 1692e(10). Gilbert's theory

- 3 -

is that a motion filed in Bankruptcy Court requesting relief from an automatic stay falsely represented the amount of a debt, in violation of 15 U.S.C. § 1692e(2)(A). He claims that this entitles him to damages.

The FDCPA is not a strict liability crime. Section 1692(e)'s protections extend only to materially false statements; that is, statements that would "influence a consumer's decision . . . to pay a debt." *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009). The FDCPA is "meant to protect *consumers* against debt collection abuses." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941-42 (7th Cir. 2011) (internal quotations omitted) (emphasis added). The Seventh Circuit has "rejected attempts to stretch the Act beyond its text and purpose." *Id.* at 942.

The *O'Rourke* case is instructive, though it has a small wrinkle. There, the plaintiff alleged a violation of the FDPCA based on a misleading state court filing. *Id.* at 939-40. The wrinkle is that the plaintiff alleged the filing violated the FDCPA because it was misleading to the state court judge. *Id.* at 941. The Seventh Circuit held that the filing did not violate the FDPCA and drew "the line at communications directed at consumers . . . and those who stand in their shoes." *Id.* at 943. Here, Gilbert does not accuse Codilis of misleading the Bankruptcy Court; he

accuses Codilis of misleading Gilbert. The upshot is that this case is not a neat fit, so to determine whether it controls, the Court examines the purpose of the filing in Bankruptcy Court.

Filing a bankruptcy petition automatically stays enforcement of any liens against property. 11 U.S.C. § 362(a)(4). Secured creditors, "even when their security interests are fully perfected," are subject to this stay. Douglas G. Baird, Anthony Casey & Randal C. Picker, *The Bankruptcy Partition*, 166 U. PA. L. REV. 1675, 1684 (2018). "Such collateral is property that, under nonbankruptcy law, secured creditors are entitled to repossess and sell. Bankruptcy alters this. Even if secured creditors have already taken possession of their collateral, they must return it. They must vindicate their rights to it through the bankruptcy process." *Id.* Although it's unclear from the Complaint whether Wells Fargo had a security interest in the property on which Gilbert owed payments, the point is that the automatic stay is so powerful that it affects even secured creditors. And a creditor seeking to obtain relief from the automatic stay must demonstrate cause "after notice and a hearing." 11 U.S.C. § 362(d).

The Motion sought relief from the automatic stay; Wells Fargo wanted their property, and they attempted to demonstrate cause. Practically, this means the Motion was directed at the Bankruptcy Court. Gilbert argues that the filing was also addressed to him,

and as evidence points out that Defendant delivered to him a copy of the Motion. But Gilbert receiving a copy does not mean the Motion was meant for him. The Motion was not an attempt to collect a debt from Gilbert; the Motion was an attempt to persuade the Bankruptcy Court to allow Wells Fargo to collect a debt from Gilbert.

Given this reality, "[t]he question then becomes whether judges stand in the shoes of the consumers, such that the Act's protections should be read to extend to them." *O'Rourke*, 635 F.3d at 944. It does not. "Judges do not have a special relationship with consumers. They stand as impartial decision-makers in the discharge of their office. They are neither a consumer's advocate nor his adversary; their role is to ensure that the process is followed." *Id.* Given this fact—that the Motion was not addressed to Gilbert, and that the Bankruptcy Court does not stand in Gilbert's shoes—the filing could not have possibly violated the FDCPA.

A recent Supreme Court ruling supports this analysis. *Midland Funding, LLC v. Johnson*, 137 S.Ct. 1407 (2017). In that case, a debt collector filed a statement in a "Chapter 13 bankruptcy proceeding claiming that the debtor owed the debt collector money. The statement made clear, however, that the 6-year statute of limitations governing collection of the claimed

- 6 -

debt had long since run." *Id.* at 1411. The holding turned on the meaning of the word "claim," and does not exactly control here, but in dicta the Supreme Court shed light on how the FDCPA should be interpreted against the Bankruptcy Code. "Indeed, to determine whether a statement is misleading normally requires consideration of the legal sophistication of its audience . . . The audience in Chapter 13 bankruptcy cases usually includes a trustee, who must examine proofs of claim and, where appropriate, pose an objection." *Id.* at 1413 (internal quotations and citations omitted).

Furthermore, the Supreme Court wrote that the "Act and the Code have different purposes and structural features. The Act seeks to help consumers, not necessarily by closing . . . a loophole in the Bankruptcy Code, but by preventing consumer bankruptcies in the first place." *Id.* at 1414. By contrast, the Bankruptcy Code "creates and maintains what we have called the delicate balance of a debtor's protections and obligations." *Id.* at 1415. (internal quotations omitted) Finally, the Supreme Court expressed concern about permitting "postbankruptcy litigation in an ordinary civil court"—exactly what is happening here. *Id.* Even though this case does not address the exact question in this case, its analysis of the Bankruptcy Code and its special purpose reinforce the idea that Gilbert cannot state a claim here.

Accordingly, for these reasons, the Court finds that the Complaint does not state a facially plausible claim for relief. Defendant asks the Court to dismiss the Complaint with prejudice. Dismissal with prejudice is proper when "any amendment would be futile." *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013). Because the foundation of Gilbert's claim is the misstatement in the Motion, and because the Court has found that Codilis' misstatement does not create a claim, the Court sees no reason to allow Gilbert to amend his Complaint. Thus, the Complaint is dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated herein, the Court grants Defendant Codilis & Associates, P.C.'s Motion to Dismiss (Dkt. No. 22). Plaintiff Steven M. Gilbert's Complaint (Dkt. No. 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

 

 

 

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 8/13/2020

- 8 -